liAMY, Judge.
This action was brought by a doctor seeking payment for surgery performed on a worker’s compensation claimant. The defendants appeal the hearing officer’s award of payment for the surgery.
FACTS
Piggly Wiggly of Mamou employee, Curtis Wyble, was injured in the course and scope of his employment on September 6, 1991. Piggly Wiggly was self-insured for worker’s compensation claims, its administrator being Summit Claims Management, Inc. (hereafter “Claims Center”). The adjuster on Mr. Wy-ble’s claim was Ronald Francis.
In the spring of 1992, Mr. Wyble sought treatment for his injury from Dr. Louis Blan-da, and Dr. Blanda’s office requested authorization from Mr. Francis before seeing Mr. Wyble. On April 1, 1992, Mr. Francis gave written authorization 1¿For an initial examination and evaluation of Mr. Wyble and specified that “[a]ll testing and future treatment must be approved by this office.”
Dr. Blanda determined that Mr. Wyble was suffering from a disc herniation based at *107 the L4-5 level and that he needed a bilateral diskectomy with fusion. Dr. Blanda’s office contacted Mr. Francis seeking approval for the process. Mr. Francis gave verbal authorization for the procedure on the condition that the doctor’s office contact Focus Healthcare Management (hereafter “Focus”) and receive precertification of the surgery. Focus was a firm used by Claims Center to review the suitability of requested treatments. Dr. Blanda’s office contacted Focus and also, as per its internal procedure, sought written confirmation of authorization for the treatment from Mr. Francis. The written confirmation was received after Focus gave precertification and stated that “I will approve the procedures precertified by Focus.”
Dr. Blanda’s office was then informed by a Focus employee that Mr. Wyble wanted a second opinion, so the surgery was cancelled. When Mr. Wyble returned to Dr. Blanda for surgery, Dr. Blanda’s office again sought authorization from Mr. Francis of Claims Center for a bilateral diskectomy with fusion. Mr. Francis gave verbal authorization for the procedure, and Dr. Blanda’s office requested written confirmation which was received on April 29, 1993.
Upon reexamining Mr. Wyble, Dr. Blanda determined that a different procedure, an automated percutaneous diskectomy, was indicated. Without contacting Mr. Francis for approval, Dr. Blanda’s office requested pre-certification for the change in procedure from Focus. A member of Dr. Blanda’s staff spoke with a Focus employee who offered to call Mr. Francis first and to call back with the necessary precertification number. The Focus employee called back and gave Dr. Blanda’s office a precertification number on June 7, 1998, the date the surgery was Isperformed. When Dr. Blanda subsequently requested $1,530.00 in payment for the procedure, Claims Center refused, paying only the $750.00 provided for in La.R.S. 23:1142(B) as the limit for unauthorized non-emergency treatment.
Dr. Blanda brought suit against the defendants, and the worker’s compensation hearing officer ruled in his favor. The defendants appealed, alleging that the hearing officer erred in finding that “Dr. Blanda had obtained the approval of Summit Claims Management, Inc./Claims Center prior to his performance of the automated percutaneous diskectomy” and that that surgery was reasonable and medically necessary.
OPINION
Review of a hearing officer’s findings of fact in a worker’s compensation case is made under the manifest error/clearly wrong standard. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993); Bruno v. Harbert Intern. Inc., 593 So.2d 357 (La.1992). The statute governing this particular matter provides as follows:
B. Nonemergency care. Except as provided herein, each health care provider may not incur more than a total of seven hundred fifty dollars in nonemergeney diagnostic testing or treatment without the mutual consent of the payor and the employee. Except as provided herein, that portion of the fees for nonemergen-cy services of each health care provider in excess of seven hundred fifty dollars shall not be an enforceable obligation against the employee or the employer or the employer’s worker’s compensation insurer unless the employee and the payor have agreed upon the diagnostic testing or treatment by the health care provider.
La.R.S. 23:1142(B) (emphasis added).
Thus the health care provider must have the consent of the payor and the claimant to receive payment in excess of $750.00 for non-emergency care. The consent of the claimant, Mr. Wyble, is not at issue here; that of the payor, Piggly LWiggly, is.[1] As Piggly Wiggly’s worker’s compensation claims administrator, Claims Center was responsible for giving or withholding consent.
La.R.S. 23:1142 does not give a specific formula by which the payor is to signify his consent; that process is to be decided by the payor and clearly communicated to the health care provider. In the instant case, *108 Claims Center’s Mr. Francis twice gave authorization for the first type of surgery, stating that procedures precertified by Focus would be authorized. He directed Dr. Blan-da’s office to seek precertification from Focus and stated that he would approve the procedures precertified by Focus. Focus employees likewise called Dr. Blanda’s office, passing on the information that Mr. Wyble wished to cancel the first scheduled surgery, precertifying the second scheduled surgery, and stating that the Claims Center adjuster would be called for authorization when the type of surgery suggested was changed. If Claims Center wished to have absolute control over every step in the process, it could have informed the doctor’s office that Claims Center itself would obtain certification from Focus rather than allowing the doctor to do so directly.
The record demonstrates that the doctor’s office followed the procedure required by the payor and obtained precertifi-cation for the surgery actually performed. We fail to see how obtaining precertification of the surgery is distinguishable from obtaining authorization when the health care provider followed the procedure set by Claims Center itself. Under the facts of the case, we do not conclude that there was manifest error in the hearing officer’s finding that Dr. Blanda’s office had the consent of the payor.
The defendants also contend that Dr. Blanda failed to meet the burden oflsproving that the surgical procedure he performed was reasonable and medically necessary. Dr. Blanda’s notes which were entered as evidence indicate the necessity of surgery, and the defendants put forth no evidence to contradict this. As such, the hearing officer’s finding that Mr. Wyble’s surgery was reasonable and medically necessary is not manifestly erroneous.
DECREE
For the foregoing reasons, the trial court’s ruling is affirmed. All costs are assessed to the defendants.
AFFIRMED.

. The “payor" is defined as "the entity responsible, whether by law or contract, for the payment of the medical expenses incurred by a claimant as a result of a work related injury." La.R.S. 23:1142(A)(1).